NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY TAGGART, | No. 15-15611 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-03439-TEH |
| v. | |
| SAN FRANCISCO SHERIFF'S DEPARTMENT; DR. GOLDSTEIN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Submitted December 14, 2016[**]

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

California state prisoner Anthony Taggart appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth

Amendment violations arising from defendants' failure to train jail employees. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Taggart failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to Taggart's health, or whether any constitutional deprivation resulted from an official policy, practice, or custom. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) (a claim against a public official in his or her official capacity is the same as a claim against the governmental entity); *Plumeau v. Sch. Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (setting forth requirements for municipal liability under § 1983); *Toguchi*, 391 F.3d at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (there is no municipal liability if there is no underlying constitutional violation).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

15-15611

Taggart's request for alternative dispute resolution, set forth in the opening brief, and motion for appointment of counsel, filed on August 8, 2016, are denied.

**AFFIRMED.**